IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY ELIZABETH ETZKORN                      PLAINTIFF

v.                  CIVIL NO. 16-5195

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]       DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Mary Elizabeth Etzkorn, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her application for DIB on July 21, 2013. (ECF No. 9, p. 18). In her application, Plaintiff alleges disability due to chronic pain, neuropathy, fibromyalgia, diabetes, bipolar disorder, supraventricular tachycardia, thyroid disease, post-traumatic stress disorder ("PTSD"), migraine headaches, and irritable bowel syndrome ("IBS"). (ECF No. 9, p. 243). Plaintiff alleges an amended onset date of October 27, 2011. (ECF No. 9, pp. 18, 36).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

These applications were denied initially and again upon reconsideration. (ECF No. 9, pp. 63-97).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (ECF No. 9, pp. 115-20). Plaintiff's administrative hearing was held on February 13, 2015, in Fort Smith, Arkansas (ECF No. 9, pp. 33-62). Plaintiff appeared in person and was represented by Mary Jackson. Id. Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c). As for her level of education, Plaintiff attended some college courses but did not earn a college degree. (ECF No. 9, pp. 38-39).

After this hearing, on June 5, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (ECF No. 9, pp. 15-25). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act through March 31, 2016. (ECF No. 9, p. 20, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 27, 2010, Plaintiff's amended alleged onset date. (ECF No. 9, p. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus with neuropathy and tachycardia. (ECF No. 9, pp. 20-21, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 9, p. 21, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 9, pp. 21-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff

retained the RFC to perform "sedentary work as defined in 20 C.F.R. § 404.1567(a) except [Plaintiff] can occasionally climb, balance, stoop, kneel, crouch, and crawl [and] [s]he must avoid concentrated exposure to hazard[s] such as dangerous moving machinery and unprotected heights." Id. The ALJ then determined Plaintiff was able to perform her Past Relevant Work ("PRW") as a customer service representative and as an account coordinator as they were actually and generally performed. (ECF No. 9, p. 25, Finding 6). The ALJ therefore determined Plaintiff had not been under a disability, as defined by the Act, from October 27, 2010, Plaintiff's amended alleged onset date, through June 5, 2015, the date of the ALJ's decision. (ECF No. 9, p. 25, Finding 7).

Thereafter, on July 7, 2015, Plaintiff requested a review by the Appeals Council (ECF. No. 9, pp. 11-14). The Appeals Council denied this request on July 6, 2016. (ECF No. 9, pp. 6-10). On August 1, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on August 2, 2016. (ECF No. 5). This case is now ready for decision.

## II. Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v).

**III. Discussion:**

Plaintiff raises three issues on appeal: 1) The ALJ erred in his evaluation of the physicians' opinion evidence on the record and the weight provided to those opinions; 2) the ALJ's RFC assessment was not supported by substantial evidence on the record as a whole, and 3) The ALJ erred at step two of the sequential evaluation process when he determined not all of Plaintiff's medically determinable impairments were severe. (ECF No. 12).

**A. Severe Impairments**

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989). "While '[s]everity is not an onerous requirement for the claimant to meet . . . it is also not a toothless standard.'" Wright v. Clovin, 789 F.3d 847, 855 (8th Cir. 2015) (quoting Kirby v. Astrue, 500 F.3d 705, 708 (8th Cir. 2007); see also Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation).

Plaintiff argues this case should be reversed and remanded because Plaintiff's alleged chronic pain syndrome, chronic back pain with chronic lumbar strain and facet arthrosis, and reconstructive surgery of a weight bearing joint status post distal fibular fracture were severe impairments the ALJ failed to consider. (ECF No. 12, pp. 12-13). Plaintiff, however, directs this court only to Plaintiff's diagnoses of said impairments in the record. Id. Mere diagnosis is

not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis. See Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990). The ALJ, moreover, adhered to the sequential evaluation process and was required to consider all of Plaintiff's impairments; even those he determined were not severe. The ALJ specifically considered Plaintiff's impairments in combination where the ALJ determined Plaintiff's combination of impairments did not meet or medically equal the severity of one of the impairments in the Listings and when the ALJ made his RFC determination, "[having] considered all testimony at the hearing and the medical evidence in the record." (ECF No. 9, p. 25); See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (ALJ properly considered combined effects of a claimant's impairments where ALJ determined the claimant did not have an impairment or combination of impairments that rendered him disabled as defined by the Act); See also Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1993) (ALJ properly considered combined effects of a claimant's impairments where ALJ separately discussed claimant's physical impairments, mental impairments, complaints of pain, and daily activities). The Court notes that in formulating Plaintiff's RFC, the ALJ fully summarized all of Plaintiff's medical records and separately discussed each of her alleged impairments. Based on the ALJ's synopsis of Plaintiff's medical records and discussion of each of her alleged impairments, I conclude that the ALJ properly considered the combined effects of Plaintiff's impairments, even those which the ALJ determined were non-severe. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011).

**B.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 946, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. First, the ALJ noted that Plaintiff made contradictory statements about her ability to use a computer. (ECF No. 9, p. 24). Next, the ALJ determined that although Plaintiff was not engaged in substantial gainful employment after her alleged onset date, her attempts to work part time and attend school were inconsistent with her claim of disability. Id.; See Curran-Kicksey v. Barnhart, 315 F.3d 964, 969 (8th Cir. 2003) (holding that even part-time work was inconsistent with claim of disability). The ALJ further noted that Plaintiff was occasionally non-compliant with testing and treatment and that she continued to smoke against medical advice. (ECF No. 9, pp. 23-24); See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility). Finally, although Plaintiff indicated she was unable to afford health care because of a financial hardship, the ALJ determined Plaintiff's continuing to buy cigarettes despite her financial hardship and her impairments weighed against her credibility. (ECF No. 9, p. 23).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not entirely credible.

**C.  Medical Opinions:**

Plaintiff contends the ALJ improperly discounted the opinions of the following physicians: Dr. Ahmad Al-Khatib, M.D.; Dr. Regina Thurman, M.D.; Dr. Lance Weathers, M.D.; and, Select Physical Therapy. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. Id. "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

The ALJ gave Dr. Al-Khatib's opinion little weight due to his status as a one-time consultative examiner. Plaintiff contends that the ALJ's RFC determination should have reflected Dr. Al-Khatib's opinion that Plaintiff would have moderate limitation handling objects. (ECF No. 12, pp. 1-4). Plaintiff cites trouble drawing insulin from a vial and micro-vascular complications. (ECF No. 9, pp. 1012, 1016-19, 1020-23). These reports, however, are from Plaintiff's own subjective statements to her health care providers. Id. Plaintiff does not

8

cite to, nor does the record contain further objective medical testing or other evidence Plaintiff suffered functional limitation handling objects. See McDade v. Astrue, 720 F.3d 994, 999-1000 (8th Cir. 2013) (A physician's opinion may be discounted when it is based largely on a claimant's own subjective reports of symptoms and limitations). The ALJ, moreover, is permitted to discount the opinion of a consulting physician on the basis the physician examined Plaintiff a single time. See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999).

The ALJ gave Dr. Thurman's opinion "significant weight based on the longitudinal history with [Plaintiff]." (ECF No. 9, p. 23). He determined Dr. Thurman's opinion was consistent with work at the sedentary level with postural and environmental limitations, but the ALJ also noted that Dr. Thurman's treatment notes showed that "treatments of [Plaintiff] and examination results were virtually normal." Id. Despite Dr. Thurman having checked the box on her form that "the peripheral neuropathy result[s] in significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station," Dr. Thurman also circled that Plaintiff could engage in gross and fine manipulation with her hands frequently. (ECF No. 9, p. 1130). Those two positions are incompatible with one another which makes Dr. Thurman's opinion itself internally inconsistent. The ALJ, moreover, identified that Dr. Thurman's treatment notes routinely revealed normal findings with regard to Plaintiff's strength and motor functioning in her upper and lower extremities. (ECF No. 9, pp. 1068-69, 1072-73, 1075-76, 1078-79, 1081-82, 1085-86, 1088-89). Even though the ALJ gave Dr. Thurman's opinion significant weight, he did not give the opinion controlling weight, and was therefore permitted to deviate from Dr. Thurman's opinion in light of the other evidence in the record as a whole.

Plaintiff further contends the ALJ committed reversible error for failure to evaluate Dr. Thurman's second opinion. (ECF No. 12, p. 5). The opinion to which Plaintiff refers is a set of paperwork completed by Dr. Thurman on behalf of Plaintiff's mother, Michele Thurman, for submission to her employer for receipt of leave under the Family Medical Leave Act ("FMLA"). Although such documentation must be considered in the ALJ's decision, this Court notes that the standards and processes for receipt of such leave under the FMLA for a third party is not the same as those by which the Commissioner evaluates whether a claimant is entitled to benefits under the Social Security Act. This Court finds that the ALJ considered this FMLA paperwork when he gave consideration "to all the evidence related to . . . treating and examining physicians," and "the medical evidence in the record." (ECF No. 9, pp. 22, 25). To the extent Plaintiff argues the FMLA paperwork completed by Dr. Thurman specifies additional limitations that should have been incorporated into Plaintiff's RFC, this Court notes that the Commissioner is not required to "give any special significance to the source of an opinion on issues reserved to the Commissioner," such as the determination of Plaintiff's RFC. 20 C.F.R. 404.1527(d)(3).

Next, Plaintiff contends the ALJ erred by giving Dr. Weathers' opinion only little weight. (ECF No. 12, pp. 5-8). The ALJ gave Dr. Weathers' opinion little weight, in part, because Dr. Weathers "did not provide any objective medical findings to support his extreme limitations." (ECF No. 9, p. 24). I note that Dr. Weathers' opinion is provided on a conclusory checkbox form. (ECF No. 9, pp. 1171-72). Such a form has little evidentiary value as it "cites no medical evidence, and provides little to no elaboration." Anderson v. Astrue, 696 F.3d 790, 794 (8th Cir. 2012); See also Johnson v. Astrue, 628 F.3d 991, 994 (8th Cir. 2011). Although Plaintiff's sinus rhythm was fast on a 48-hour monitor in October of 2013, Dr. Stuppy, the

monitor interpreter, noted that the diagnosis of inappropriate persistent sinus tachycardia was unusual, and recommended reviewing Plaintiff's list of medications to see what could be stopped to improve the condition. (ECF No. 9, p. 827). Two days later, on October 23, 2013, Dr. Weathers noted a normal heart rate, normal rhythm, normal S1 and S2, and no murmurs. (ECF No. 9, p. 817). Dr. Weathers provided Plaintiff with conservative treatment by increasing her heart medication Coreg, and advising her to reduce her blood pressure and cholesterol through weight loss, exercise, and tobacco cessation. (ECF No. 9, p. 818). Accordingly, this Court finds that the ALJ did not commit error by assigning Dr. Weathers' opinion less than controlling, or even little weight.

Finally, Plaintiff contends the ALJ should have given greater weight to the opinions of Plaintiff's physical therapists at Select Physical Therapy. (ECF No. 12, pp. 8-9). At the outset I noted that Plaintiff's physical therapists at Select Physical Therapy are not physicians or other acceptable medical sources as defined by the regulations and are therefore not entitled to controlling weight. 20 C.F.R. §404.1513(a); See also Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006) (A licensed therapist is not a treating source as defined by the Regulations). This Court finds that the ALJ considered the records from Select Physical Therapy when he gave consideration "to all the evidence related to . . . treating and examining physicians," and "the medical evidence in the record." (ECF No. 9, pp. 22, 25).

### D.  RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545, 416.945. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

11

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with additional limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, including the opinions of Drs. Al-Khatib, Thurman, and Weathers and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### IV. **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 1st day of August, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE